1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PHALLON LEON HARRIS,

11             Petitioner,              No. CIV S-07-0212 JAM DAD P

12        vs.

13   ANTHONY HEDGPETH[1],               ORDER AND

14             Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16             Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondent's motion to dismiss this

18   action as time-barred.  Following the granting of an extension of time to do so, petitioner has

19   filed his opposition to the pending motion along with a motion for an evidentiary hearing.

20   Following the granting of an extension of time to do so, respondent has filed a reply.

21   /////

22   /////

23   /////

24

25        [1]  Counsel for respondent has informed the court that Anthony Hedgpeth is the current
     Warden for Kern Valley State Prison, not Michael Knowels.  Therefore, the court will direct the
     Clerk of the Court to correct the court's docket and to substitute Anthony Hedgpeth for Michael
26   Knowels.

                                    1

**MOTION TO DISMISS**

I. Respondent's Arguments

Respondent argues that the petition before the court was untimely filed based on the following chronology.  On December 21, 2001, petitioner was sentenced to a determinate state prison term of twenty-one years following his conviction for voluntary manslaughter.  Petitioner did not file an appeal and the judgment of conviction became final on February 19, 2002, when the time for filing an appeal expired.  The one-year statute of limitations for the filing of a federal habeas petition began to run on February 20, 2002, and expired on February 19, 2003.  After the federal statute of limitations expired, petitioner filed six collateral challenges to his conviction in state court.  The first of these state habeas petitions was not filed until February 22, 2005 with the Sutter County Superior Court.  (Resp't Lodged Docs, filed Dec. 14, 2007, Doc. 2.)  All of the other state habeas petitions were filed thereafter.  Therefore, respondent argues, none of the six state habeas petitions serve to toll the federal statute of limitations.  Under respondent's calculation, the federal petition filed in this court on December 20, 2006, was filed over three years after that statute of limitations had expired.

II. Petitioner's Opposition

Petitioner argues that on February 21, 2002, following his judgment of conviction becoming final on December 2, 2001, he was transported to Salinas Valley State Prison (SVSP).  (Opp'n at 2.)  He claims that during 2002, there were "a series of 'back to back' 'lockdowns'" which prevented him from gaining access to the prison law library.  (Id.)  He also argues that lockdowns beginning in early April 2003 and continuing through December 2003 and from early March of 2004 through the first week of February 2005, impeded him.  (Id. at 3.)  Based upon these lockdowns, petitioner claims that he was not able to file his first state habeas petition until February 22, 2005.  Even though it is a motion to dismiss that is pending before the court, petitioner contends that "there are genuine issues of material fact that preclude summary judgment" because the lockdowns at SVSP prevented him gaining access to the prison law

1   library and "might constitute an impediment" to his filing a timely habeas petition.  Petitioner

2   concludes that respondent is not entitled to summary judgment and that the court should conduct

3   "an evidentiary hearing on respondent's defense of untimeliness."  (Id. at 4.)

4   III.  Motion for Evidentiary Hearing

5            In his separate motion for an evidentiary hearing, petitioner repeats his contention

6   that he was delayed in pursuing his habeas claims by lockdowns at SVSP where he was

7   incarcerated.  In this regard, plaintiff represents that during the lockdowns, inmates who had

8   "verifiable court deadlines" were provided access to the prison law library but was denied to

9   inmates with filing deadlines imposed under the AEDPA.  (Mot. for Evid. Hearing, Mem. (Pet.'s

10  Mem.) at 2.)  Petitioner argues that this policy is an unlawful state-created impediment to the

11  filing of a timely federal habeas petition.  (Id. at 5.)  Petitioner contends that under the decision in

12  Bounds v. Smith, 430 U.S. 817 (1977) inmates have a constitutional right to access to the courts

13  which prohibits prison officials from interfering with inmates' attempts to prepare or file legal

14  documents.  (Id. at 5-6.)  Petitioner also argues that the policy imposed at SVSP favoring inmates

15  with court imposed deadlines violates the Equal Protection Clause of the Fourteenth Amendment

16  in that there is no rational basis for the disparate treatment.  (Id. at 9.)

17           According to petitioner's calculations, the lockdowns at SVSP posed an

18  impediment to him until the first week of February 2005.  (Id. at 12.)  Petitioner takes the

19  position that since he filed his first state habeas petition on February 22, 2005, the federal statute

20  of limitations ran for only about fourteen days before it was tolled by the filing of that petition.

21  (Id.)  Following the California Supreme Court's denial of his habeas petition on May 17, 2006,

22  petitioner asserts that only another 185 days passed before he timely filed his federal petition on

23  December 20, 2006, well within the one-year statute of limitations.  (Id. at 13.)

24           Petitioner contends that he is entitled to equitable tolling for approximately three

25  years because the lockdowns were circumstances beyond his control.  (Id. at 13.)  Thus, he

26  calculates that he is entitled to equitable tolling from February 21, 2002, when he arrived at

1    SVSP all the way until the first week of February 2005.  (Id. at 4.)  Based upon his claimed

2    entitlement to equitable tolling, petitioner argues that when he filed his federal habeas petition he

3    still had 275 days remaining before the AEDPA statute of limitations would have expired.  (Id.)

4            In his declaration submitted in support of his motion for an evidentiary hearing,

5    petitioner makes these same allegations but also asserts that even when SVSP was not on

6    lockdown, he could not access the law library because "there were significant periods of time,

7    too numerous to recall with any degree of accuracy," when law library access was not available

8    because of "chronic staff shortages[.]"  (Mot. for Evid. Hearing, Pl.'s Decl. at 6.)

9    IV.  Respondent's Reply

10           Respondent argues that petitioner is not entitled to equitable tolling based upon

11   his bare assertions about lockdowns made without any supporting documentation.  (Reply at 3.)

12   Respondent notes that prison lockdowns do not excuse a petitioner from demonstrating that he

13   was diligent in pursuing his habeas claims.  (Id.)  Respondent argues that even if his access to the

14   prison law library was limited for periods of time, petitioner could have used the paging and copy

15   service to obtain copies of case law and other legal materials during the claimed lockdowns.  (Id.)

16   Finally, respondent argues that even if the court were to find petitioner entitled to equitable

17   tolling for the periods of time he claims to have been the subject of lockdowns, the one-year

18   statute of limitations would still have expired before his federal petition was filed.  (Id. at 4.)  In

19   this regard, counting the days that SVSP was not on lockdown and adding the time between the

20   California Supreme Court's denial of petition before it and the filing of the federal habeas

21   petition, respondent calculates that more than 365 days ran.  (Id.)  Finally, respondent argues that

22   no evidentiary hearing is warranted in this case since petitioner has offered no facts to support his

23   claimed entitlement to equitable tolling thereby failing to carry even his initial burden of proof.

24   (Id.)

25   /////

26   /////

1       **ANALYSIS**

2   I. <u>Application of the AEDPA Statute of Limitations</u>

3                   Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

4   one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court

5   by a person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).

6   Specifically, that statute provides in relevant part:

7               (d) (1)  A 1-year period of limitation shall apply to an application
                for a writ of habeas corpus by a person in custody pursuant to the
8               judgment of a State court.  The limitation period shall run from the
                latest of –
9
                    (A) the date on which the judgment became final by the
10              conclusion of direct review or the expiration of the time for
                seeking such review;
11
                    (B) the date on which the impediment to filing an
12              application created by State action in violation of the Constitution
                or laws of the United States is removed, if the applicant was
13              prevented from filing by such State action;

14                  (C) the date on which the constitutional right asserted was
                initially recognized by the Supreme Court, if the right has been
15              newly recognized by the Supreme Court and made retroactively
                applicable to cases on collateral review; or
16
                    (D) the date on which the factual predicate of the claim or
17              claims presented could have been discovered through the exercise
                of due diligence.
18
                    (2) The time during which a properly filed application for State
19              post-conviction or other collateral review with respect to the
                pertinent judgment or claim is pending shall not be counted toward
20              any period of limitation under this subsection.

21                  Under this provision, the one-year statute of limitations begins to run on the date

22  the judgment becomes final.  Here, petitioner's conviction became final on February 19, 2002

23  sixty days after the expiration of the time for filing his direct appeal.  <u>See</u> Cal. R. Ct. 8.308(a)

24  (formerly Cal. R. Ct. 30.1).  Therefore, the one-year statute of limitation ran from February 20,

25  /////

26  /////

1    2002, and expired on February 20, 2003.  Because petitioner did not sign and mail[2] his federal

2    petition until December 13, 2006, it was filed at least three years after the one-year statute of

3    limitations expired unless petitioner is entitled to statutory or equitable tolling.

4    II.  Statutory Tolling Under § 2244(d)(2)

5            When a state habeas petition is filed after the one-year statute of limitations for

6    filing a federal petition has expired, the filing of the state petition cannot revive the federal

7    statute of limitations and there is no tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823

8    (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Green v. White, 223 F.3d

9    1001, 1003 (9th Cir. 2000).  Here, petitioner is not entitled to statutory tolling pursuant to

10    §2244(d)(2) because all of his state habeas petitions were filed after the federal statute of

11    limitations had expired absent some other grounds for tolling.

12            Therefore, petitioner's federal habeas petition is time-barred unless he can

13    demonstrate that a state-created impediment prevented him from timely filing his federal petition

14    or establish that he is entitled to equitable tolling.

15    III.  Statutory Tolling Under § 2244(d)(1)(B)

16            As set forth above, under § 2244(d)(1)(B) the federal statute of limitations does

17    not begin to run until any unlawful state-created impediment preventing a petitioner from seeking

18    relief has been removed.  In this regard, petitioner argues that the federal statute of limitations did

19    not begin to run in his case until just prior to his filing of petitioner's first state habeas petition.

20    (Mot. for Evid. Hearing, Pl.'s Decl. at 5.)  His argument that lockdowns at SVSP constituted

21    such a state-created impediment for approximately three years is not persuasive.

22    /////

23    /////

24

---

25        [2]  The court has applied the mailbox rule according to Houston v. Lack, 487 U.S. 266,

26    276 (1988), and deems the date petitioner placed his petition in the hands of the correctional staff
     or in the institutional mailbox as the filing date.

1        First, petitioner has not made an adequate showing that the claimed lockdowns

2  posed an impediment to his filing of a timely federal habeas petition.[3]  Section 2244(d)(1)(B)

3  does not define "impediment" as it is used in that statute.  See Wood v. Spencer, 487 F.3d 1, 6

4  (1st Cir. 2007); Lloyd v. Vannatta, 296 F.3d 630, 633 (7th Cir. 2002).  However, courts have

5  held that an impediment must "prevent" the petitioner from timely filing his federal habeas

6  petition and the impediment must be beyond the petitioner's control.  See Wood, 487 F.3d at 7

7  (concluding that where a petitioner had "the power to blunt the effect of any state-created

8  impediment" with "garden-variety diligence" tolling under § 2244(d)(1)(B) is not appropriate);

9  see also Lloyd, 296 F.3d at 633 (concluding that the state's failure to provide petitioner with a

10  complete transcript of his trial did not prevent him from filing his federal petition because the

11  transcript was not needed to raise the claim in his federal petition).  Under some circumstances,

12  however, the absence from a prison law library of basic and essential legal materials such as the

13  AEDPA itself may constitute an impediment within the meaning of the statute.  Whalem/Hunt v.

14  Early, 233 F.3d 1146, 1148-49 (9th Cir. 2000).

15        In his declaration petitioner explains that between 2002 and 2005 he used the time

16  he was provided in the prison law library to learn how to perform legal research, gain an

17  understanding of both state and federal habeas procedure and acquire what he believed to be the

18  capability to prepare and file his first state habeas petition.  (Pl.'s Decl. at 3-5.)  In short,

19  petitioner utilized his law library access to study the law and further his overall legal training

20  while preparing to exhaust his state court remedies with respect to his habeas claims.  Of course,

21  neither a petitioner's ignorance of the law nor the lack of legal assistance will generally prevent

22  the AEDPA statute of limitations from running.  See Raspberry v. Garcia, 448 F.3d 1150, 1154

23  (9th Cir. 2006); see also Marsh v. Spares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well

24  established that ignorance of the law, even for an incarcerated pro se petitioner, generally does

---

25

26        [3]  The court notes that petitioner is actually arguing that the lockdowns impeded his filing
of habeas petitions in state court rather than in filing his application in federal court.

1   not excuse prompt filing.")   Therefore, the court is not persuaded that the running of the statute

2   of limitations can be delayed under § 2244(d)(1)(B) until a petitioner believes he has had

3   sufficient time in the law library to feel prepared to file his first state habeas petition.

4        Second, petitioner has not shown that the claimed state-created impediment was

5   unlawfully imposed upon him.   Prisoners do not enjoy a free-standing constitutional right to law

6   library access.  Lewis v. Casey, 518 U.S. 343, 351(1996).  See also Akins v. United States, 204

7   F.3d 1086, 1090 (11th Cir. 2000) ("The mere inability of a prisoner to access the law library is

8   not, in itself, an unconstitutional impediment."); Johnson v. Moore, 948 F.2d 517, 521 (9th Cir.

9   1991) ("[T]he Constitution does not guarantee a prisoner unlimited access to a law library.

10  Prison officials must regulate the time, manner, and place in which library facilities are used.");

11  Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir. 1985).  Law libraries are

12  only the means for ensuring "a reasonably adequate opportunity to present claimed violations of

13  fundamental constitutional rights to the courts." Bounds v. Smith, 430 U.S. 817, 825 (1977).

14  Therefore, in order to show that the claimed impediment was unlawfully imposed upon him,

15  petitioner must show that the inadequate access to the law library caused him an actual injury.

16  Lewis, 518 U.S. at 351-52.  In other words, he must demonstrate that the lack of access to the

17  library actually prevented him from filing his federal habeas petition.

18       Here, the court is not persuaded by petitioner's conclusory and unsupported

19  assertions that the limitations on his access to the prison law library over a span of three years

20  actually prevented him from filing a timely federal habeas petition.  See Quintero v. Haws, No.

21  07-CV-0579-H (POR), 2008 WL 553651 at *4 (S.D. Cal. Feb. 28, 2008) (granting respondent's

22  motion to dismiss and denying petitioner's motion for an evidentiary hearing while rejecting

23  petitioner's claims that prison policies, lockdowns and his job demands restricted his access to

24  the law library and prevented him from filing a timely habeas petition due to a lack of

25  specificity); Harris v. Yates, No. C 07-808 MHP (pr), 2008 WL 60406 at *2 (N.D. Cal. Jan. 3,

26  2008) (dismissing a petition as untimely and rejecting petitioner's argument that limits on law

1  library access for prisoners who do not have impending court deadlines is an impediment within

2  the meaning of § 2244(b)(1)(B) since the Constitution does not guarantee a prisoner unlimited

3  access to the law library).  But see Estrada v. Adams, No. CV F 06-1656 AWI SMS HC, 2008

4  WL 756353 at *5-6 (E.D. Cal. March 20, 2008) (finding that petitioner carried his burden of

5  demonstrating a state-created impediment by his uncontroverted declaration that despite several

6  requests and inmate grievances seeking to obtain access to the closed prison law library he was

7  unable to obtain either a blank § 2254 form petition or the address of the district court thereby

8  preventing him from filing his federal petition until he was able to finally secure a blank form

9  petition).

10         Third, petitioner has not shown a "causal connection" between the alleged

11  unlawfully imposed impediment and his failure to file a timely petition.  Bryant v. Arizona Atty.

12  Gen., 499 F.3d 1056, 1060 (9th Cir. 2007) (rejecting petitioner's argument that the prison

13  library's failure to provide case law interpreting § 2244(d)(1) was a state-created impediment

14  because petitioner admitted he was not even aware of the statute of limitations before receiving

15  respondent's answer to his federal petition).  Here, petitioner has failed to show any causal

16  connection between his allegedly limited access to the law library and his inability to file a timely

17  federal habeas petition.  Moreover, he has not demonstrated that he made any effort to "blunt the

18  effect" of the limitations on his access to the law library.  See Wood, 787 F.3d at 7.

19         Finally, even if the court were to deem the alleged lockdowns at SVSP as

20  impeding petitioner's timely filing of his federal habeas petition, the court finds that the petition

21  would still be time-barred.  Based on petitioner's own calculation, SVSP was not on lockdown

22  for 25 weeks (175 days) in 2003 and for 29 weeks (203 days) in 2004 for a total of 378 days.

23  (Mot. for Evid. Hearing at 10-11.)  After his habeas petition before the California Supreme Court

24  was denied on May 17, 2006, petitioner did not mail his federal petition until 210 days later, on

25  December 13, 2006.  Therefore, petitioner implicitly concedes that the state-created impediment

26  /////

9

1  he relies upon was removed for at least 588 days prior to the filing of his petition.  Under these

2  circumstances, no statutory tolling can render this federal petition timely.

3  IV.  Equitable Tolling

4         To be entitled to equitable tolling, petitioner bears the burden of establishing "(1)

5  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

6  stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  See also Miranda v. Castro,

7  292 F.3d 1063, 1066 (9th Cir. 2002); Corjasso v. Ayers, 278 F.3d 874, 877-78 (9th Cir. 2002);

8  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997),

9  overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530

10  (9th Cir. 1998) (en banc).  Equitable tolling is not routinely available in habeas corpus cases

11  because district courts are expected to "take seriously Congress's desire to accelerate the federal

12  habeas process."  Beeler, 128 F.3d at 1288-89.  See also Miranda, 292 F.3d at 1066.

13         Here, petitioner has not demonstrated that he has pursued his claims diligently.

14  Petitioner did not file an appeal following his conviction and waited over three years after his

15  judgment became final before filing his first state habeas petition attacking that conviction.

16  Moreover, after his state habeas petition was denied by the California Supreme Court he waited

17  almost another seven months before filing his federal habeas petition.  Under these circumstances

18  it cannot be said that petitioner diligently pursued his claims.  Certainly lockdowns are not an

19  extraordinary circumstance in prison that would justify or excuse such delay.   As one district

20  court has recently observed:

21             Lockdowns, however, and resulting restricted access to the prison
              law library are not, by themselves, extraordinary circumstances for
22             prisoners.  See e.g. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.
              2002) (recognizing that the lack of access to library material does
23             not automatically qualify as grounds for equitable tolling); United
              States v. Van Poyck, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997)
24             (without demonstration of petitioner's diligence, lockdowns at
              prison allegedly eliminating access to law library were not
25             extraordinary circumstances warranting equitable tolling); Rosati v.
              Kernan, 417 F. Supp. 2d 1128, 1132 (C.D. Cal. 2006)
26             ("[P]etitioner's complaints about limited access to the law library

1    and legal materials at various state prisons and occasional prison
     lockdowns do not warrant equitable tolling since petitioner has not
2    shown any causal connection between these events and his failure
     to timely file his habeas corpus petition."); see also Corrigan v.
3    Barbery, 371 F. Supp. 2d 325, 330 (W.D. N.Y. 2005) ("In general,
     the difficulties attendant on prison life such as transfers between
4    facilities, solitary confinement, lockdowns, restricted access to the
     law library, and an inability to secure court documents, do not by
5    themselves qualify as extraordinary circumstances."). In sum,
     Petitioner does not explain how any lockdowns constituted
6    extraordinary circumstances that prevented him from timely filing
     his federal petition.
7

8    Robinson v. Marshall, No. CV-07-1606-GHK (JWJ), 2008 WL 2156745 at *3 (C.D. Cal. May

9    18, 2008).

10          Here, the court finds that petitioner has not satisfied his burden of establishing

11   that he acted diligently in filing his federal petition. Nor has petitioner established that he

12   encountered extraordinary circumstances that prevented him from filing his federal petition in a

13   timely fashion.

14   V.  Motion for an Evidentiary Hearing

15          As noted above, petitioner has failed to make specific factual allegations with

16   respect to the alleged impediment, the claimed extraordinary circumstances and his own

17   diligence that, if true, would entitle him to statutory or equitable tolling. Having failed to do so,

18   he is not entitled to an evidentiary hearing. See Roy v. Lampert, 465 F.3d 964, 969-70 (9th Cir.

19   2006), cert. denied, ___U.S.___, 127 S. Ct. 1880 (2007 ); Laws. v. Lamarque, 351 F.3d 919, 919

20   (9th Cir. 2003); Williams v. Woodford, 306 F.3d 665, 686 (9th Cir. 2002) (conclusory

21   allegations unsupported by specific facts do not warrant an evidentiary hearing); see also Oliver

22   v. Knowles, No. 1:03-cv-05744 ALA (HC), 2008 WL 2275922 *1-5 (E.D. Cal. May 30, 2008)

23   (same). Accordingly, the court recommends that petitioner's motion for an evidentiary hearing

24   be denied.

25   /////

26   /////

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to correct the court's docket by substituting Anthony Hedgpeth, the current Warden of Kern Valley State Prison, for Michael Knowels as the respondent for this action.

Also, IT IS HEREBY RECOMMENDED that:

1. Respondent's December 14, 2007 motion to dismiss (Doc. No. 16) on the grounds that the petition is time-barred, be granted;

2. Petitioner's January 25, 2008 motion for an evidentiary hearing (Doc. No. 20) be denied; and

3. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within five days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 25, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
harr0212.mtd